UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

MARK GUNTHORPE,

    Plaintiff,

v.                                      CASE NO:
                                       HONORABLE:

CALHOUN COUNTY, T.W. HEPPLER,
Z.L. FENNER, M.D. MILLER, GARY WINKLEPLECK,
and JOHN/JANE DOES, in their individual and official
capacities,

    Defendants.
_____/
CHRISTOPHER TRAINOR & ASSOCIATES
CHRISTOPHER J. TRAINOR (P42449)
SHAWN C. CABOT (P64021)
MARK A. PROUDMAN (P81791)
Attorneys for Plaintiff
9750 Highland Road
White Lake, MI 48386
(248) 886-8650
shawn.cabot@cjtrainor.com
_____/

THERE IS NO OTHER PENDING OR RESOLVED CIVIL ACTION ARISING OUT OF THE TRANSACTION OR OCCURRENCE ALLEGED IN THE COMPLAINT.

**COMPLAINT AND JURY DEMAND**

      **NOW COMES** Plaintiff, by and through his attorneys, CHRISTOPHER TRAINOR & ASSOCIATES, and for his Complaint against the above-named Defendants states as follows:

1.    Plaintiff is a resident of the City of Kalamazoo, County of Kalamazoo, State of Michigan.

2.    Defendants Heppler, Fenner, Miller, and Winklepleck, are and/or were corrections officers and/or sheriff deputies employed by the Calhoun County Sheriff's Department; and were acting under color of law, in their individual and official capacities, and within the course and scope of their employment at all times mentioned herein.

1

3. Defendants John/Jane Does are and/or were sheriff deputies and/or corrections officers employed by the Calhoun County Sheriff's Department, and were acting under color of law, in their individual and official capacities, and within the course and scope of their employment at all times mentioned herein.

4. Defendant Calhoun County is a municipal corporation and governmental subdivision organized and existing under the laws of the State of Michigan.

5. All events giving rise to this lawsuit occurred in the County of Calhoun, State of Michigan.

6. Jurisdiction is vested in this Court pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343 (civil rights).

7. This lawsuit arises out of Defendants' violations of Plaintiff's federal constitutional rights as secured by the Fourth and/or Fourteenth Amendments to the United States Constitution; and consequently Plaintiff has a viable claim for damages under 42 U.S.C. § 1983.

8. That the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), not including interest, costs, and attorney fees.

## **FACTS**

9. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

10. Plaintiff is an Iraq war veteran who served in the Army from 2001 to 2012, at which time he received a medical retirement.

11. On or about March 15, 2019, Plaintiff was a patron at the Firekeepers Casino ("the casino"), located in Battle Creek, Michigan.

12. While at the casino, Plaintiff was arrested by casino tribal police officials and subsequently taken to the Calhoun County Jail to be booked and processed.

13. When Plaintiff got to the Calhoun County Jail, he requested an attorney and a telephone call, but his requests were denied and he was ultimately placed in intake cell #7.

14. While in the holding cell, Plaintiff again repeatedly attempted to get the attention of the officers so he could get his telephone call and notify his girlfriend, who was still at the casino, of his whereabouts; but his requests were ignored.

15. After some time, Plaintiff was brought out of the holding cell without any issues; and both of his hands were completely handcuffed behind his back.

16. While still handcuffed behind his back, Plaintiff was placed in a restraint chair.

17. While Plaintiff was seated in the chair and handcuffed, he was bent forward at the waist; his feet were then strapped to the chair; and Defendant Miller had his hands around Plaintiff's neck, choking him.

18. Defendant Miller then struck Plaintiff multiple times in the area of Plaintiff's neck, despite the fact that Plaintiff was subdued in the restraint chair.

19. Defendants Heppler and Fenner then kicked Plaintiff's legs despite no justifiable reason to do so.

20. Without warning to Plaintiff, who was restrained in the restraint chair, Defendant Miller tased Plaintiff multiple times.

21. Defendant Winklepleck then forcefully grabbed Plaintiff head/neck and forcefully pulled it backwards, thereby choking Plaintiff.

22. Defendants John/Jane Does and/or the other individually-named Defendants also failed to intervene on Plaintiff's behalf and end the unlawful force that was being used on Plaintiff.

**COUNT I**
**VIOLATION OF THE FOURTEENTH AMENDMENT**
**42 U.S.C. § 1983 EXCESSIVE FORCE/FAILURE TO INTERVENE**

23. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

24. At all relevant times herein, the individual Defendants acted under color of law, within the course and scope of their employment, and in their official and individual capacities.

25. Defendants violated Plaintiff's clearly established and federally protected rights as set forth under the United States Constitution and the Amendments thereto, including but not limited to, the Fourteenth Amendment right to be free from excessive use of force, when they employed unnecessary and unreasonable and excessive use of force and/or failed to intervene on Plaintiff's behalf, thereby resulting in injuries and damages to Plaintiff.

26. The actions and/or inactions of Defendants were at all times objectively unreasonable and in violation of Plaintiff's clearly established rights under the Fourteenth Amendment to the United States Constitution, and which proximately resulted in injuries and damages to Plaintiff.

27. Defendants are not entitled to qualified immunity because they violated Plaintiff's clearly established Fourteenth Amendment rights.

28. As a proximate result of the violations and/or deprivations of Plaintiff's constitutional rights by Defendants, Plaintiff has a viable claim for compensatory and punitive damages pursuant to 42 U.S.C. § 1983; together with costs, interest, and attorney fees as set forth in 42 U.S.C. § 1988.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter an award in his favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00); exclusive of interest, costs, and attorney fees.

### COUNT II
### GROSS NEGLIGENCE

29. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

30. At all relevant times herein, the individually-named Defendants were acting in both their individual and official capacities and under color of law; and therefore, they owed Plaintiff the duty to avoid committing actions and/or inactions that violated his constitutionally guaranteed civil rights.

31. The individually-named Defendants had a duty to perform their employment activities so as not to endanger or cause harm to individuals, including but not limited to Plaintiff.

32. Nevertheless, in performing their duties, the individually-named Defendants breached the duties owed to Plaintiff by acting indifferently or by acting in a grossly negligent manner without regard to Plaintiff's welfare.

33. The individually-named Defendants knew or should have known that a breach of these duties would cause harm to Plaintiff.

34. Defendants' indifferent/grossly negligent acts and/or omissions caused Plaintiff to suffer injuries and damages.

35. As a direct and proximate result of Defendants' intentional and/or reckless conduct, Plaintiff suffered injuries and damages.

36. Defendants' actions and/or inactions were so outrageous that Plaintiff's damages were heightened and made more severe; thus Plaintiff is entitled to exemplary damages.

**WHEREFORE,** Plaintiff respectfully requests that this Honorable Court enter an award in his favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00); exclusive of costs, interest, and attorney fees.

**COUNT III**
**CALHOUN COUNTY CONSTITUTIONAL VIOLATIONS**

37. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

38. Defendant Calhoun County acted recklessly and/or with deliberate indifference when it practiced and/or permitted customs and/or practices and/or policies that resulted in constitutional violations to Plaintiff.

39. That these customs, policies, and/or practices included, but were not limited to the following:

   a. Failing to adequately train and/or supervise its deputies/corrections staff so as to prevent violations of citizens' constitutional rights;

   b. Failing to adequately train and/or supervise its deputies/corrections staff regarding lawful seizures;

   c. Failing to adequately train and/or supervise its deputies and/or corrections staff regarding the proper use of force or intervening on a citizen's behalf when unlawful force is being used;

   d. Failing to supervise, review, and/or discipline deputies and/or corrections staff who Defendant Calhoun County knew or should have known were violating or were prone to violate citizens' constitutional rights, thereby permitting and/or encouraging its deputies or corrections staff to engage in such conduct; and

   e. Failing to adequately train and/or supervise its deputies or corrections staff in the proper policies and procedures in the use of restraint chairs without using unreasonable force in doing so.

40. Defendant's conduct demonstrated a substantial lack of concern for whether an injury resulted.

41. Defendant's acts and/or indifference and/or omissions were the direct and proximate result of Plaintiff's injuries and damages.

42. The facts as set forth in the preceding paragraphs constitute a violation of Plaintiff's Fourth and/or Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983; and Plaintiff has a viable claim for compensatory and punitive damages plus interest, costs, and attorney fees as set forth in 42 U.S.C. § 1988.

**WHEREFORE,** Plaintiff respectfully requests that this Honorable Court enter an award in Plaintiff's favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of costs, interest, and attorney fees.

Respectfully Submitted,

CHRISTOPHER TRAINOR & ASSOCIATES

BY: **/s/ Shawn C. Cabot**
CHRISTOPHER J. TRAINOR (P42449)
SHAWN C. CABOT (P64021)
MARK A. PROUDMAN (P81791)
Attorneys for Plaintiff
9750 Highland Road
White Lake, MI 48386
(248) 886-8650
shawn.cabot@cjtrainor.com

Dated: May 4, 2020
SCC/

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN

MARK GUNTHORPE,

    Plaintiff,

v.                                                                          CASE NO:
                                                                                                         HONORABLE:

CALHOUN COUNTY, T.W. HEPPLER,
Z.L. FENNER, M.D. MILLER, GARY WINKLEPLECK,
and JOHN/JANE DOES, in their individual and official
capacities,

    Defendants.
_____/
CHRISTOPHER TRAINOR & ASSOCIATES
CHRISTOPHER J. TRAINOR (P42449)
SHAWN C. CABOT (P64021)
MARK A. PROUDMAN (P81791)
Attorneys for Plaintiff
9750 Highland Road
White Lake, MI 48386
(248) 886-8650
shawn.cabot@cjtrainor.com
_____/

## **DEMAND FOR TRIAL BY JURY**

**NOW COMES** Plaintiff, by and through his attorneys, CHRISTOPHER TRAINOR & ASSOCIATES, and hereby demands a trial by jury in the above-entitled cause.

Respectfully Submitted,

CHRISTOPHER TRAINOR & ASSOCIATES

BY: **/s/ Shawn C. Cabot**
CHRISTOPHER J. TRAINOR (P42449)
SHAWN C. CABOT (P64021)
MARK A. PROUDMAN (P81791)
Attorneys for Plaintiff
9750 Highland Road
White Lake, MI  48386
(248) 886-8650
shawn.cabot@cjtrainor.com

Dated:  May 4, 2020
SCC/